mikyungbyun.rsp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
APR - 6 2007 nba
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 00-00049 |
| Plaintiff, | ) | |
| vs. | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE REQUIREMENT THAT SHE REGISTER AS A SEX OFFENDER |
| MI KYUNG BUYN, | ) | |
| Defendant. | ) | |

Public Law 109-248, enacted July 27, 2006, the Sex Offender Registration and Notification Act, requires sex offenders to register in each jurisdiction where the offender resides, is employed and is a student. 42 U.S.C. § 16913. Title 42, U.S.C. § 16911 defines a sex offender as one who, obviously, has been convicted of a sex offense. "Sex offense" is defined in § 16911(5)(A)(i) as a "criminal offense that has an element involving a sexual act or sexual contact with another."

Defendant has not stated a jurisdictional basis which would allow her to challenge the imposition of this condition of supervised release, that she register as a sex offender. This act took effect July 27, 2006, long after she was sentenced on February 3, 2004. Arguably, the court should hear this motion because, had the Act been in effect at the time of her sentence, she could have appealed the imposition of such a condition as part of her right to appeal her sentence. The

government believes that it is proper for the court to consider this motion because, in effect, her sentence is being modified to conform to new legislation passed by Congress.

The government believes, however, that it is proper to impose a requirement that she register as a sex offender. Her plea agreement is attached hereto as Exhibit 1. She pled guilty to Count II, Importation of an Alien for Immoral Purposes, in violation of Title 8, U.S.C. § 1328. One of the elements of this offense is that she "knowingly imported one or more of said aliens into the United States for the purpose of prostitution." Surely, prostitution involves a sexual act. The Probation Officer is correct to consider her a tier II sex offender. Section 16911(3)(A) considers a tier II sex offender as one whose offense "is comparable" to certain designated offenses, one of which is transportation with intent to engage in criminal sexual activity as described in 18 U.S.C. 2423(a), which involves minors. In defendant's statement of facts in support of her plea, she admitted that one of the aliens whom she smuggled into Guam was 17 years old.

Respectfully submitted this _5th_ day of April, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney



Byun.2ple

FREDERICK A. BLACK
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
AUG 10 2000
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 00-00049 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| MI KYUNG BYUN, ) | |
| Defendant. ) | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, MI KYUNG BYUN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of a Superseding Indictment charging her with Alien Smuggling in violation of Title 8, U.S.C. § 1324(a)(1)(A)(iv), Count III of the Superseding Indictment charging her with Importation of an Alien for immoral purposes, and Count IV of the Superseding Indictment charging her with Alien Smuggling in violation of Title 8, U.S.C. § 1324(a)(1)(A)(iv), in violation of Title 8, U.S.C. § 1328. The government will move to dismiss Count I upon sentencing.

2. The defendant, MI KYUNG BYUN, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of unlawful activities which violate the laws of the United States, including the disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any

trials or proceedings if called as a witness, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses now known to the government, such as violations of employment reporting laws, or which she reveals to Federal authorities.

3. The defendant, MI KYUNG BYUN, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful activities, her knowledge of others' involvement in unlawful activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

4. The defendant, MI KYUNG BYUN, understands that the <u>maximum</u> sentence for Alien Smuggling is ten (10) years incarceration, a $250,000 fine and a $100 special assessment, which must be paid at the time of sentencing. The <u>maximum</u> sentence for Importation of an Alien for Immoral Purposes is ten (10) years incarceration, a $250,000 fine and a $100 special assessment, which must be paid at the time of sentencing. Defendant understands these terms of incarceration could be imposed to run consecutively. Any sentence imposed shall include a term of supervised release of at least three (3) years in additional to such term of imprisonment. Defendant understands that, if at any time while she is on supervised release she violates one of its conditions, her supervised release may be revoked and she may be subject to an additional term of imprisonment. If defendant cooperates as set forth in Paragraphs 2 and 3, the

government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines. In addition, if defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by USSG 5K1.1, for a downward departure from the Guidelines. Defendant understands that "substantial assistance" encompasses such significant and useful assistance directed to the investigation and prosecution of the criminal activities of other persons, as is set forth by USSG 5K1.1. Defendant also understands the decision whether to depart from the guidelines and to what degree, is within the sole discretion of the sentencing judge. The government agrees not to take a position concerning what amount of incarceration the court should impose. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend whatever sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Alien Smuggling by encouraging illegal entry, pursuant to 8 U.S.C. § 1324(a)(1)(A)(iv), the government must prove each of the following elements beyond a reasonable doubt:

The defendant understands that to establish a violation of Alien Smuggling, pursuant to 8 U.S.C. § 1324(a)(1)(a)(iv), the government must prove each of the following elements beyond a reasonable doubt:

First, the named persons were aliens;

- 3 -

> Second, the defendant encouraged or induced the said named aliens to come to, enter or reside in the United States in violation of law;
>
> Third, the defendant knew or was in reckless disregard of the fact that said named aliens' entry into the United States would be in violation of the law.

The defendant understands that to establish a violation of Importation of an Alien for immoral purposes, pursuant to 8 U.S.C. § 1328, the government must prove each of the following elements beyond a reasonable doubt:

> First: that the persons named in Count II were aliens;
>
> Second: that defendant knowingly imported one or more of said aliens into the United States for the purpose of prostitution.

6. The defendant understands that the sentencing guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to USSG 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed. The Government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

   a. The defendant was born February 13, 1964, and is a citizen of Korea.

   b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the sentencing guidelines, this information should not be used in determining the applicable guidelines range.

   c. Defendant owns the Club Azabu (the Club), a business which is located in Tumon and which serves alcoholic drinks. The Club's clients included male tourists, who would buy drinks for the female employees of the Club. Defendant paid these employees on a commission basis, calculated according to the amount of money each client spent on drinks. In addition, defendant maintained two small rooms in the Club, where she encouraged her female employees

- 4 -

to take the clients and allow the clients to unclothe and fondle the employees there. As well, defendant encouraged her female employees to "go out" with the male clients, by leaving the Club and going to the client's hotel room, where they would engage in sex for a fee. Defendant acted as the intermediary between her employees and the clients, arranging the transactions and collecting the fees.

Between November, 1998 and March 11, 1999, defendant employed a Korean citizen named Su Kyung LEE at the Club Azabu. Defendant requested that LEE return to Korea and recruit more Korean women to work at the Club. Lee traveled to Korea in March, 1999, and recruited Yu Kyong CHO, Mi Yong KIM and Hue Jung JANG, all citizens of Korea, to work at the Club Azabu. Defendant encouraged and induced all three women to come to Guam by offering to employ them at the Club. She instructed them to enter Guam on the Guam Tourist Visa Waiver Program, by certifying that they were coming to Guam as tourists. Defendant intended to violate the United States immigration laws by encouraging the women to enter in this manner. Defendant's husband, Tai Hun YI, traveled from Korea to Guam with these three women, arriving with them April 5, 1999. Prior to leaving Korea YI gave each woman $300 cash, so it would appear that they were coming to Guam as tourists. Defendant met them at the airport and transported the women to the apartment which she had secured for them as part of their employment compensation. They began working at the Club Azabu the next night.

Between January and March 31, 2000, defendant encouraged and induced Youn Be SEO, Jin Kyung CHANG and Eun Kyung LEE to come to Guam by offering to employ them at the Club. Defendant knew these women were aliens, citizens of Korea. Defendant intended to violate the immigration laws of the United States in bringing these women to Guam. Accordingly, she instructed them to apply for admission to Guam as tourists, utilizing the Tourist Visa Waiver program which allows Korea citizens to come to Guam for a 15-day period of vacation. Defendant provided the airfare for SEO and CHANG to travel to Guam. She

- 5 -

instructed SEO and CHANG to advise INS inspectors at the Guam International Airport that they would be staying at tourist hotels, when in fact she intended to provide accommodations for them in the same building where she lived, as part of their compensation as employees. Defendant intended that during the course of their employment at the Club, all three women would engage in sexual contact with the Club's customers, and perform sexual acts for money. At the time defendant solicited Youn Be SEO to come to Guam, and at all times thereafter, defendant knew SEO was seventeen years old. Defendant employed each of the aliens at the Club Azabu as soon as they arrived on Guam.

    d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

    7. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules

- 6 -

Case 1:00-cr-00049   Document 62   Filed 04/06/2007   Page 8 of 10

of Evidence, or any other provision of law, to attempt to bar such use of the information.

8. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

9. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute defendant for all charges of which it presently has knowledge, and any charges that have been dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is,

gives up, the right to a trial;

  e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

  f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

  g. That defendant has had this plea agreement translated into her native language and fully understands it.

  h. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 8/8/00

_____
MI KYUNG BYUN
Defendant

DATED: 8/9/00

_____
RICHARD ARENS
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: 8/10/00   By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

- 8 -