DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MI KYUNG BYUN aka<br>MI KYUNG MECHANIC,<br><br>Defendant. | Criminal Case No. 00-00049<br><br>**ORDER RE: MOTION TO SET ASIDE U.S. PROBATION OFFICER'S DETERMINATION** |

The Defendant's Motion to Set Aside U.S. Probation Officer's Determination[1] came before this Court for a hearing on May 1, 2007. After hearing argument from counsel, the court took the matter under advisement. For the reasons discussed herein, the court hereby **DENIES** the Motion.

## I. BACKGROUND

On January 22, 2004, Mi Kyung Byun (the "Defendant") was sentenced in the District Court of Guam for the following offenses: Count II - Alien Smuggling in violation of Title 8 U.S.C. § 1324(a)(1)(A)(iv); Count III - Importation of Aliens for Immoral Purpose, in violation of 8 U.S.C. § 1328; Count IV - Alien Smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). She was sentenced to 15 months imprisonment for each of the three counts to be served

---

[1] The court notes that the Defendant's motion was very sparse on analysis and was not of much assistance to the court.

concurrently and three years supervised release for each count to be served concurrently. The Defendant's term of supervised release began on April 8, 2005.

On July 28, 2006, the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), Pub.L. No. 109-248, was enacted. Title I of the Walsh Act, entitled the Sex Offender Registration and Notification Act ("SORNA"), creates a national sex offender registry law. SORNA, defines the term "sex offender" and addresses the various tiers of sex offender status, *see* 42 U.S.C. § 16911. In addition, it requires every jurisdiction to maintain a sex offender registry conforming to the requirements of SORNA. *See* 42 U.S.C. § 16912.

In light of the enactment of the Walsh Act, on March 21, 2007, the Probation Officer presented the Defendant with a *United States Probation System Offender Notice and Acknowledgment of Duty to Register as a Sex Offender* (Prob 2). *See* Declaration, Docket No. 58, attachment thereto. This form was developed by the Office of Probation and Pretrial Services, with the assistance of the Office of the General Counsel, to assist Probation Officers in carrying out their duty as directed by Section 117(a)(2) of the Adam Walsh Child Protection and Safety Act of 2006. Prob 2 provides notice to offenders of their duty to register, and to have the offender sign a written acknowledgment stating the duty to register had been explained and that they understood the requirements.

The Probation Officer determined the Defendant to be a Tier II sex offender because her offense was punishable by imprisonment for more than one year and involved the transportation with intent to engage in a criminal sexual activity (as described in Title 18 U.S.C. § 2423(b)) and involved the solicitation of a minor to practice prostitution. The Defendant was informed prior to signing the document that she could take the form to review and seek legal advice if she chose. The Defendant chose to sign the Prob 2 form that same date and agreed to go to the Superior Court of Guam to register with the Sex Offender Registry Office, which she did.

Thereafter on March 30, 2007, the Defendant filed the instant motion contesting the determination that she was a convicted sex offender.

///

//

- 2 -

## II. DISCUSSION

The Defendant claims that she should not have to register as a sex offender because she was not convicted of a sex offense. The term "sex offender" means an individual who was convicted of a "sex offense." The term "sex offense" means-

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;
>
> (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

42 U.S.C. § 16911(5)(A).

As noted above, one of the three offenses to which the Defendant pled guilty to was Importation of Aliens for Immoral Purpose, in violation of 8 U.S.C. § 1328. Section 1328 provides in pertinent part:

> The importation into the United States of any alien **for the purpose of prostitution**, or for any other immoral purpose, is forbidden. Whoever shall, directly or indirectly, import, or attempt to import into the United States any alien for the purpose of prostitution or for any other immoral purpose, or shall hold or attempt to hold any alien for any such purpose in pursuance of such illegal importation, or shall keep, maintain, control, support, employ, or harbor in any house or other place, for the purpose of prostitution or for any other immoral purpose, any alien, in pursuance of illegal importation, shall be fined under Title 18, or imprisoned not more than 10 years, or both. . . .

8 U.S.C. § 1328 (emphasis added).

Considering the definition of "sex offense" the court finds the Defendant committed a criminal offense that has an element involving a sexual act or sexual contact with another. *See* 42 U.S.C. § 16911(5)(A)(i).

The plea agreement to which the Defendant pled set forth the following facts:

> c. Defendant owns the Club Azabu (the Club), a business which is located in Tumon and which serves alcoholic drinks. The Club's clients included male tourists, who would buy drinks for the female employees of the Club. Defendant paid these employees on a commission basis, calculated according to the amount

- 3 -

money each client spent on drinks. In addition, defendant maintained two small rooms in the Club, where she encouraged her female employees to take the clients and allow the clients to unclothe and fondle the employees there. As well, defendant encouraged her female employees to "go out" with the male clients, by leaving the Club and going to the client's hotel room, where they would engage in sex for a fee. Defendant acted as the intermediary between her employees and the clients, arranging the transactions and collecting the fees.

Between November, 1998 and March 11, 1999, defendant employed a Korean citizen named Su Kyung LEE at the Club Azabu. Defendant requested that LEE return to Korea and recruit more Korean women to work at the Club. Lee traveled to Korea in March, 1999, and recruited Yu Kyong CHO, Mi Yong KIM and Hue Jung JANG, all citizens of Korea, to work at the Club Azabu. Defendant encouraged and induced all three women to come to Guam by offering to employ them at the Club. She instructed them to enter Guam on the Guam Tourist Visa Waiver Program, by certifying that they were coming to Guam as tourists. Defendant intended to violate the United States immigration laws by encouraging the women to enter in this manner. Defendant's husband, Tai Hun YI, traveled from Korea to Guam with these three women, arriving with them April 5, 1999. Prior to leaving Korea YI gave each woman $300 cash, so it would appear that they were coming to Guam as tourists. Defendant met them at the airport and transported the women to the apartment which she had secured for them as part of their employment compensation. They began working at the Club Azabu the next night.

Between January and March 31, 2000, defendant encouraged and induced YBS[2], Jin Kyung CHANG and Eun Kyung LEE to come to Guam by offering to employ them at the Club. Defendant knew these women were aliens, citizens of Korea. Defendant intended to violate the immigration laws of the United States in bringing these women to Guam. Accordingly, she instructed them to apply for admission to Guam as tourists, utilizing a Tourist Visa Waiver program which allows Korean citizens to come to Guam for a 15-day period of vacation. Defendant provided the airfare for YBS and CHANG to travel to Guam. She instructed YBS and CHANG to advise INS inspectors at the Guam International Airport that they would be staying at tourists hotels, when in fact she intended to provide accommodations for them in the same building where she lived, as part of their compensation as employees. Defendant intended that during the course of their employment at the Club, all three women would engage in sexual contact with the Club's customers, and perform sexual acts for money. At the time the defendant solicited YBS to come to Guam, and at all times thereafter, defendant knew DEO was seventeen years old. Defendant employed each of the aliens at the Club Azabu as soon as they arrived on Guam.

*See* Government's Response, Docket No. 62, Exhibit 1, pages 4-6 attached thereto.

The Defendant admitted that she brought women from Korea to Guam to engage in prostitution. It seems clear that prostitution involves a "sexual act" as set forth under 42 U.S.C. § 16911(5)(A)(i) (sex offense includes a criminal offense that has an element involving a sexual act

---

[2]Although the plea agreement contains the name of the individual, the court is using the initials of the minor in order to protect her identity.

or sexual contact with another).

The Probation Officer found the Defendant to be a Tier II sex offender. A Tier II sex offender means:

> (3) Tier II sex offender
>
> The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and–
>
> (A) is **comparable to** or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:
>
> (i) sex trafficking (as described in section 1591 of Title 18);
>
> (ii) coercion and enticement (as described in section 2422(b) of Title 18);
>
> (iii) **transportation with intent to engage in criminal sexual activity** (as described in section 2423(a)) of Title 18[3];
>
> (iv) abusive sexual contact (as described in section 2244 of Title 18);
>
> (B) involves–
>
> (i) use of a minor in a sexual performance;
>
> (ii) **solicitation of a minor to practice prostitution**; or
>
> (iii) production or distribution of child pornography; or
>
> 42 U.S.C.A. § 16911(3)(A) (emphasis added).

The Defendant was properly determined to be a Tier II sex offender as her offense was punishable by imprisonment for more than one year and her offense is "comparable" to certain designated offenses, one of which is transportation with intent to engage in a criminal sexual activity as described in Title 18, U.S.C. § 2423(a), which involves the solicitation of a minor to practice prostitution. As stated in the plea agreement, the Defendant solicited YBS, who was known to be

---

[3]18 U.S.C. § 2423(a) provides as follows:

**(a) Transportation with intent to engage in criminal sexual activity.** – A person who knowingly transports a individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with the intent to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years, or for life.

- 5 -

a seventeen-year-old minor, to come to Guam to engage in sexual conduct and to practice prostitution.[4] Accordingly, the Defendant committed a sexual offense and is properly considered a "sex offender."

### III. CONCLUSION

Based upon the foregoing, the court finds the Defendant committed a sexual offense and is a "sex offender." Accordingly, the Defendant's conditions of supervised release are hereby modified to include that the Defendant register under the Walsh Act as directed by the U.S. Probation Office.

**IT IS SO ORDERED**.

/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: May 03, 2007**

---

[4]The Act defines "minor" to mean an "individual who has not attained the age of 18 years." 42 U.S.C.A. § 16911(14).